

William James Zumwalt, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Criminal Division, Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY, CARTER, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant Chavarria seeks reversal of his conviction of violating 18 U.S.C. § 2312 (transportation of a stolen motor vehicle in foreign commerce). Appellant's only argument is that certain inculpatory statements that he made to Mexican police were improperly admitted at his trial.

Chavarria and a companion transported a Cadillac automobile from Los Angeles to Mexicali. While in Mexico, they were detained for investigation by Mexican authorities who had observed them drop a syringe from the car. The Mexican police contacted the California Highway Patrol who informed them that the Cadillac had been stolen. The Mexican police then questioned Chavarria, and he confessed to stealing and transporting the car. Appellant claims that the admission of his confession to the Mexican police was error because the Mexican police did not give him the warnings required by Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The record contains nothing tending to show that Chavarria's statement was in fact coerced. Therefore, to exclude this confession, he had to argue that the Miranda requirements are applicable to custodial interrogations performed by the police of foreign countries. We are convinced that they are not. The Mi-

randa warnings do not in themselves define the right against self-incrimination, and their absence does not preclude the use of the resulting confession under all circumstances. Harris v. New York (1971) 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1. Miranda was intended as a deterrent to unlawful police interrogations. When the interrogation is by the authorities of a foreign jurisdiction, the exclusionary rule has little or no effect upon the conduct of foreign police. Therefore, so long as the trustworthiness of the confession satisfies legal standards, the fact that the defendant was not given Miranda warnings before questioning by foreign police will not, by itself, render his confession inadmissible. United States v. Nagelberg (2d Cir. 1970) 434 F.2d 585; People v. Helfend (1969) 1 Cal.App.3d 873, 82 Cal.Rptr. 295.

The conviction is affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**FRANKLIN PARISH SCHOOL BOARD et al., Defendants-Appellants,**

**State of Louisiana, Defendant-Intervenor-Appellant.**

**No. 30477.**

United States Court of Appeals, Fifth Circuit.

June 16, 1971.

John F. Ward, Jr., Baton Rouge, La., Rudolph McIntrye, Dist. Atty., Franklin Parish, Winnsboro, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, Victor A. Sachse, Baton Rouge, La., for defendants-appellants Eugene J. Murrett, Executive Counsel, Baton Rouge, La.

John N. Mitchell, Atty. Gen., Jerris Leonard, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Donald E. Walter, U. S. Atty., Shreveport, La., Brian K. Landsberg, Edw. S. Christenbury, Attys., Dept. of Justice, Washington, D. C., David L. Norman, Deputy Asst. Atty. Gen., for plaintiff-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

COMPUTER SERVICENTERS, INC., OF GREENVILLE, Appellant,

v.

BEACON MANUFACTURING COMPANY, Appellee.

No. 71-1091.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1971.

Decided June 14, 1971.

James M. Shoemaker, Jr., Greenville, S. C., for appellant.

R. Frank Plaxco, Greenville, S. C. (John E. Johnston, Jr., Greenville, S. C., on brief), for appellee.

Before BOREMAN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

The appellant (plaintiff below) seeks to recover damages for breach of contract. The appellee (defendant below) moved for summary judgment upon the ground that, based upon the pleadings filed by the respective parties, the depositions taken of persons having knowledge of the facts, the plaintiff's answers to interrogatories, and affidavits filed by the plaintiff in opposition to the motion for summary judgment, the claim of the plaintiff is barred by the statute of frauds of the State of South Carolina since it is based upon an alleged oral contract which, by its terms, was incapable of performance within one year.

The district court granted summary judgment pursuant to Rule 56, Fed.R. Civ.P., against the plaintiff. For the purposes of the motion, though they were disputed, the facts were properly considered by the court as claimed by

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.